In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00017-CR


______________________________




MICHAEL ANDREW BAIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Criminal District Court 5


Dallas County, Texas


Trial Court No. F-0152559-VL




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Michael Andrew Bain appeals from his conviction for the offense of aggravated robbery of
an elderly person. He was convicted in a single, consolidated trial, based on his guilty plea (without
a plea agreement), to three indictments for aggravated robbery of an elderly person, two indictments
for robbery, and one indictment for theft. A jury assessed his punishment at eighty-five years'
imprisonment in the aggravated robbery convictions, forty years' imprisonment for the robbery
convictions, and two years' confinement in a state jail facility for the theft conviction.

 Bain contends on appeal the trial court committed reversible error by admitting evidence
about an unadjudicated extraneous offense of aggravated sexual assault and by admitting "victim
impact evidence" about the sexual assault victim. 

 The complained-of testimony came from a nine-year-old girl, a daughter of Bain's girlfriend,
that Bain had touched her "pee-pee" and had inserted his finger in it while they were watching
television. A police detective also testified that he had been assigned to a case concerning this
sexual assault, that it was still pending, and that Bain had signed a written statement admitting the
act.

 Article 37.07, Section 3(a) grants trial courts broad discretion to admit evidence of
extraneous crimes or bad acts during the sentencing portion of a proceeding. The relevant language
reads as follows: 

 [E]vidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding his
character, the circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of
an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or finally
convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2003). 

 Testimony that Bain had committed a sexual assault constitutes proof of a bad act or
extraneous crime. This is precisely the type of evidence deemed relevant to the determination of
sentencing by the Legislature. 

 The decision of the trial court to admit extraneous offenses is reviewed under the abuse of
discretion standard. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); Powell v. State,
63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Bain contends the testimony should have been
excluded pursuant to Tex. R. Evid. 403, which allows relevant evidence to be excluded (inter alia)
if its probative value is substantially outweighed by the danger of unfair prejudice. The statute
specifically excludes Tex. R. Evid. 404 and 405 from applying in this review, but does not exclude
Rule 403. Thus, we conclude Rule 403 applies to our review of the admissibility of the evidence. 
See Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999); Cohn v. State, 849 S.W.2d 817,
820 (Tex. Crim. App. 1993) (applying Rule 403 to Article 37.071).

 The test for relevancy is much broader during the punishment phase, because it allows a jury
to consider more evidence in exercising its discretion to assess punishment within the appropriate
range. See Murphy v. State, 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh'g). The purpose
of a punishment proceeding is not to prove guilt, but instead to allow a jury to assess punishment in
line with the objectives of the Texas Penal Code. Rogers, 991 S.W.2d at 266; see Tex. Pen. Code
Ann. § 1.02(1) (Vernon 2003). 

 Bain was out of jail on bond for the sexual assault when he committed the multiple robbery
and theft offenses for which he was on trial. Although the sexual assault was not the same type of
crime of which he was convicted, we recognize that his acts against the elderly and the young reflect
his tendency to victimize the weakest members of society. We conclude the trial court did not abuse
its discretion by admitting the evidence.

 Further, the evidence also reflects Bain's extensive history of drug abuse and his violent
tendencies toward his girlfriend (and mother of the victim). Even if the court erred by admitting the
evidence about the sexual assault, we are not convinced that, based on the entirety of the record, the
evidence generated such an impact as to affect the substantial rights of the accused in this instance. 
See Tex. R. App. P. 44.2(b). The contention of error is overruled.

 Bain next contends it was error to admit evidence about the impact of the sexual assault on
the child victim. The girl's grandmother testified the victim now had a lot of nightmares and a lot
of anger, that her self-esteem is very low, and that she is not as outgoing as she had been. The
grandmother also testified that after counseling the child was doing much better, is now "real
outgoing," and has dramatically improved her schoolwork.

 Generally, victim impact testimony regarding extraneous crimes is inadmissible. See Cantu
v. State, 939 S.W.2d 627, 637 (Tex. Crim. App. 1997). Victim impact testimony can run a risk of
extreme prejudice and can lead to an unfair punishment hearing. See Boston v. State, 965 S.W.2d
546, 550 (Tex. App.-Houston [14th Dist.] 1997, no pet.). Trial courts limit victim impact testimony
to the victim named in the indictment. (1)
 See Barletta v. State, 994 S.W.2d 708, 713 (Tex.
App.-Texarkana 1999, pet. ref'd) (referring to Cantu analysis, but finding no preservation of claim);
Cantu, 939 S.W.2d at 637-38 (admission of victim impact testimony was error, but harmless). (2)

 We find that the admission of this testimony was error. We therefore move to a harm
analysis under Tex. R. App. P. 44.2, to see if the error was such as to affect the substantial rights of
the accused. The inquiry is whether the defendant's substantial rights were violated and whether the
appellant's punishment was affected by the judgment. King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997). "A substantial right is affected when the error [made the subject of the appellant's
complaint] had a substantial and injurious effect or influence in determining the jury's verdict." Id.
(citing Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

 The testimony consists of two pages out of a 286-page record, in which the grandmother
testified about the victim's nightmares and low self-esteem, that she was angry because her parents
would not let her go out to play as often, that she had received counseling that had helped with all
of those issues, and that her schoolwork had suffered for a while, but that she is doing much better
now. 

 The remainder of the sentencing proceeding contained explicit testimony from the elderly
victims of his attacks, for which he was being sentenced, about the changes in their lives as a result
of his actions. The evidence details the violence of his attacks and the resulting serious physical
injuries, extreme emotional distress, and anguish. Bain admitted committing those attacks and also
admitted beating his girlfriend, sexually assaulting her daughter, and using drugs extensively. The
jury was also informed that he committed the attacks while out on bond from the sexual assault
conviction and that he had previously been convicted of one felony and three misdemeanor offenses.

 There are several factors that prevent this error from being a violation of Bain's substantial
rights. We conclude the jury would likely assume, even without hearing testimony from her
grandparent, the impact and trauma the sexual assault had on the victim. We have already referenced
the multiple crimes committed by Bain and the testimony about their impact on those victims and
their families, as well as Bain's own admissions about his actions. Although the State addressed the
impact of the sexual attack on the girl, that aspect of the testimony was not emphasized in closing
argument.

 Under these circumstances, and after our review of the entire record, we conclude the
erroneous admission of brief testimony about the impact of Bain's actions on the child was not of
such a nature as to affect the jury's assessment of punishment. See Lindsay v. State, No. 14-01-01234-CR, 2003 WL 548501, at *4 (Tex. App.-Houston [14th Dist.] Feb. 27, 2003, pet. filed);
Boston, 965 S.W.2d at 550 (holding although admission of victim impact testimony was error, it was
harmless in light of strong evidence against defendant). 

 We affirm the judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 18, 2003

Date Decided: July 1, 2003


Publish
1. The Texas Court of Criminal Appeals has stated the following:


 The danger of unfair prejudice to a defendant inherent in the introduction of
"victim impact" evidence with respect to a victim not named in the indictment on
which he is being tried is unacceptably high. The admission of such evidence would
open the door to admission of victim impact evidence arising from any extraneous
offense committed by a defendant. Extraneous victim impact evidence, if anything,
is more prejudicial than the non-extraneous victim impact evidence found by this
Court to be inadmissible in Smith [v. State], supra [919 S.W.2d 96 (Tex. Crim. App.
1996)]. We hold that such evidence is irrelevant under Tex. R. Crim. Evid. 401 and
therefore irrelevant in the context of the special issues under Art. 37.071.


Cantu v. State, 939 S.W.2d 627, 637 (Tex. Crim. App. 1997); Lindsay v. State, No. 14-01-01234-CR, 2003 WL 548501, at *3 n.1 (Tex. App.-Houston [14th Dist.] Feb. 27, 2003, pet. filed).

2. This is not a victim impact statement as contemplated under Tex. Code Crim. Proc. Ann.
art. 56.03 (Vernon Supp. 2003) and was not offered as such.



ame="Dark List Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00062-CR

                                                ______________________________

 

 

                              CHARLES BENNETT BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 23984

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Charles Bennett Brown appeals from
his conviction of delivery of cocaine in an amount of less than one gram within
a drug-free zone and sentence of eight years confinement.  Brown has filed a single brief, in which he
raises issues common to all of his appeals.[1]  He argues that the evidence is insufficient
to support the finding that the offense occurred in a drug-free zone as alleged
in the indictment and that the trial court committed reversible error in
allowing admission of extraneous offense testimony during punishment due to the
States exclusion of such testimony in its notice of intent to use extraneous
offense evidence. 

            We addressed these issues in detail
in our opinion of this date on Browns appeal in cause number
06-11-00061-CR.  For the reasons stated
therein, we likewise conclude that error has not been shown in this case.

            We affirm the trial courts
judgment.

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date
Submitted:          September 7, 2011

Date
Decided:             September 9, 2011

 

Do
Not Publish           











[1]In
total, Brown appeals from two convictions of delivery of cocaine in an amount
of less than one gram within a drug-free zone in cause numbers 06-11-00061-CR
and 06-11-00062-CR and two convictions of delivery of cocaine in an amount of
more than one gram but less than four grams within a drug-free zone in cause numbers
06-11-00063-CR and 06-11-00064-CR.