

# NUMBERS 13-09-00196-CR AND 13-09-00197-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JOE DAVID PENA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION[1]

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion by Justice Rodriguez

Pursuant to a plea agreement, appellant Joe David Pena pleaded guilty to possession of cocaine with intent to deliver in trial court cause number 07-CR-3537-C (appellate cause number 13-09-00196-CR) and to unlawful possession of cocaine in trial court cause number 08-CR-3600-C (appellate cause number 13-09-00197-CR). *See* TEX.

---

[1]Because all issues of law are settled, our memorandum opinion only advises the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp. 2009). The trial court found him guilty and assessed punishment at ten years' incarceration and eight years' incarceration respectively, with the sentences to run concurrently. By two issues, appellant complains of (1) the trial court's failure to grant his counsel's motion to withdraw, and (2) ineffective assistance of counsel.[2] We affirm the judgment as modified in appellate cause number 13-09-00196-CR and affirm the judgment in appellate cause number 13-09-00197-CR.

## I. MOTIONS TO WITHDRAW AS COUNSEL
### (APPELLATE CAUSE NUMBERS 13-09-00196-CR AND 13-09-00197-CR)

By his first issue, appellant complains of the trial court's failure to grant his appointed counsel's motions to withdraw filed in each case after appellant fired him. More specifically, appellant complains that the trial court abused its discretion when it denied the motions because appellant had a conflict of interest with his attorney that required the trial court to allow withdrawal. Regarding the conflict, appellant contends that: (1) the conflict was more than a mere personality clash or a series of disagreements; (2) his reasons were sound, the conflict was obvious, and he was forced to proceed on his cases without effective assistance of counsel; (3) there existed a rift between appellant and his trial counsel that amounted to more than a mere disagreement; and (4) the level of animosity is apparent from the record. Because of this conflict, appellant argues that counsel's assistance was ineffective and that he was denied his right to effective assistance of counsel of his choice.

On February 19, 2009, counsel filed a motion to withdraw his representation in both cases. Each motion asserted that appellant no longer desired that counsel represent him

---

[2]The parties combined briefing for the two appeals, and now, for judicial efficiency, we dispose of the appeals in a single opinion.

2

and that appellant desired "to be self-represented or 'pro se' or represented by other counsel." On February 23, 2009, appellant filed a letter in trial court cause number 08-CR-3600-C informing the trial court that he "had recently fired [his appointed counsel] . . . whom [he] felt was not looking after [his] best interest and putting up a good enough fight in [his] defense!" Although no explicit rulings appear in the record, we conclude that the trial court impliedly denied counsel's motions to withdraw because the record reveals that counsel appeared on behalf of appellant at his plea hearing on March 6, 2009. *See* TEX. R. APP. P. 33.1(a)(1)(B)(2)(A). Additionally, when appellant accepted the plea bargains, he admitted, in writing and in the following testimony presented at the hearing, that he was satisfied with his trial counsel's representation:

> Counsel: Now, with regards to—are you satisfied with the representation that I've provided you?
>
> Defendant: Yes, I am.

The State argues that appellant has waived this issue. To the extent appellant asserts an ineffective assistance of counsel argument by his first issue, we agree.

This Court has concluded that error is waived when there is no evidence that the defendant would have pleaded not guilty but for counsel's deficient performance. *See Jordan v. State*, 112 S.W.3d 345, 347-48 (Tex. App.–Corpus Christi 2003, pet. ref'd) (analyzing whether the alleged ineffective assistance of counsel had a "direct nexus" with Jordan's guilt or innocence and holding that Jordan's right to appeal his claim of ineffective assistance of counsel alleging that counsel had a disqualifying conflict of interest was waived because the record did not show that Jordan would have pleaded not guilty but for the alleged conflict of interest); *Ramirez v. State*, 89 S.W.3d 222, 228 (Tex. App.–Corpus Christi 2002, no pet.) (citing *Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000)

3

(en banc), superseded in part by TEX. R. APP. P. 25.2(b) as stated in *Monreal v. State*, 99 S.W.3d 615 (Tex. Crim. App. 2003) (en banc)). In this case, there is no evidence in the record that appellant would not have pleaded guilty but for counsel's conflict of interest, if any. *See Jordan*, 112 S.W.3d at 347-48. Accordingly, by pleading guilty and, in this case, by also acknowledging that he was satisfied with his appointed counsel, appellant waived any ineffective assistance of counsel complaint based on a conflict of interest.

In any event, we cannot conclude that the trial court abused its discretion when it denied counsel's motions to withdraw, as appellant argues. *See King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (en banc) (providing that "[t]he trial court has discretion to determine whether counsel should be allowed to withdraw from a case"). "[P]ersonality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *Id*.; *see Carrol v. State*, 176 S.W.3d 249, 256-58 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) (explaining that general allegations of a breakdown in communications and a lack of cooperation in pursuing certain defenses do not rise to an adequate showing to require a substitution of counsel); *Boston v. State*, 965 S.W.2d 546, 552 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (concluding that vague claims of a defendant's dissatisfaction with his appointed counsel are not sufficient to require the trial court to grant counsel's request to withdraw). Instead, "[a]n 'actual conflict of interest' exists [, for example,] if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest." *Acosta v. State*, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007) (quoting *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997) (en banc)); *see Frazier v. State*, 15 S.W.3d 263, 265-66 (Tex. App.–Waco 2000, no pet.) (determining that the trial court is within its discretion to deny a motion to withdraw when counsel fails

4

to offer any specific facts to support assertions of a conflict of interest or irreconcilable differences with the defendant).

In the present appeals, we find no evidence or even allegations that counsel had a conflict that required him to choose between his own interest or perhaps another client's or third-party's interest and that of appellant. *See Acosta*, 233 S.W.3d at 355. We find no specific facts to support appellant's assertions of a conflict or irreconcilable differences between trial counsel and appellant. *See Frazier*, 15 S.W.3d at 265-66. Rather, appellant's allegations appear to amount to no more than personality conflicts, disagreements concerning trial strategy, breakdowns in communications and a lack of cooperation, and general claims of an appellant's dissatisfaction with his appointed counsel. *See King*, 29 S.W.3d at 566; *see also Carrol*, 176 S.W.3d at 256-58; *Boston*, 965 S.W.2d at 552. These contentions and evidence, if any, are not sufficient to require the trial court to grant counsel's request to withdraw. Moreover, "[a] trial court has no duty to search for counsel agreeable to the defendant." *King*, 29 S.W.3d at 566. Thus, we conclude that the trial court did not abuse its discretion in denying counsel's motions to withdraw. We overrule appellant's first issue.

## II. MOTION TO SUPPRESS
### (APPELLATE CAUSE NUMBER 13-09-00196-CR)

By his second issue, appellant contends that his counsel rendered ineffective assistance in trial court cause number 07-CR-3537-C when counsel failed to obtain a ruling on his motion to suppress before appellant entered a plea of guilty. Appellant has not, however, satisfied the standard set forth in *Strickland v. Washington*, under which we review claims of ineffective assistance of counsel. *See* 466 U.S. 668, 688 (1984); *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (en banc). In order to determine

whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether he has shown counsel's representation fell below an objective standard of reasonableness and, if so, we then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland*, 466 U.S. at 688, 690-94. In assessing a claim of ineffective assistance of counsel, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *Stafford*, 813 S.W.2d at 508-09.

In this case, the record contains no evidence regarding the trial strategy of appellant's counsel. Therefore, the record does not rebut the presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Garcia*, 57 S.W.3d at 440; *Stafford*, 813 S.W.2d at 508-09. We overrule appellant's second issue.

### III. MODIFICATION OF JUDGMENT
### (APPELLATE CAUSE NUMBER 13-09-00196-CR)

The Texas Rules of Appellate Procedure give this Court authority to modify judgments to correct errors and make the record speak the truth. *See* TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (en banc); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.–Texarkana 2009, no pet.); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.–Corpus Christi 1982, pet. ref'd). Appellant was indicted in trial court cause number 07-CR-3537-C on two counts: (1) tampering with or fabricating physical evidence (Count 1); and (2) possession of cocaine with intent to deliver (Count 2). Appellant entered into a plea agreement in which the State agreed not to proceed with

6

Count 1 and to reduce Count 2 to a second-degree felony by dropping the enhancement paragraph in exchange for appellant's plea of guilty and a sentence of ten years to run concurrently with the eight-year sentence imposed in trial court cause number 08-CR-3600-C. At appellant's plea hearing, the State informed the trial court that the State was "not going to proceed with the tampering, just with the Count [2]" and was "dropping the enhancement . . . so [Count 2 could] be a second degree." The trial court acknowledged the State's actions, found appellant guilty, and imposed the recommended sentence. The trial court's judgment of conviction in cause number 07-CR-3537-C reflects, in error, a conviction for Count 1 and a conviction for Count 2 as a first-degree felony. Therefore, we hereby modify the judgment in cause number 07-CR-3537-C to delete all reference to Count 1, the offense of tampering with or fabricating physical evidence, and to describe the degree of offense for Count 2 as a second-degree felony. Having modified the judgment to reflect the correct conviction, appellant's motion for judgment nunc pro tunc that was carried with the case on February 5, 2010, in appellate cause number 13-09-00196-CR, is dismissed as moot.

## IV. Conclusion

We affirm the judgment as modified in appellate cause number 13-09-00196-CR and affirm the judgment in appellate cause number 13-09-00197-CR.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
29th day of April, 2010.

7