Affirmed and Memorandum Opinion
filed May 3, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00448-CR

NO. 14-10-00449-CR



Denwitt Zack Williams, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 209th District Court

Harris County, Texas

Trial Court
Cause Nos. 1207434, 1207435



 

MEMORANDUM OPINION 

Appellant Denwitt Zack Williams challenges his
convictions for aggravated robbery and felon in possession of a firearm on the
grounds that the trial court erred in charging the jury regarding extraneous
offenses during both the guilt-innocence and punishment phases of his trial.[1]  We affirm.

BACKGROUND

Appellant met the complainant’s son in prison.  At
the son’s suggestion, the complainant began writing appellant.  After appellant’s
release, he and the complainant became involved in a romantic relationship.  He
moved in with her, and they lived together for six to eight months before the
incidents giving rise to this case occurred.

In mid-March 2009, the complainant discovered
appellant in the bathroom burning a small white rock in a jar.  When she threw
the rock into the toilet, appellant became angry.  Appellant went into the
bedroom, stood on the bed, and screamed that the complainant was trying to kill
him by putting snakes on his body.  The complainant got her purse so that she
could leave if necessary.  She then hit appellant with her purse to get him off
the bed and went into the living room.

Appellant came out of the bedroom a few moments later
holding a gun.  He tried to take the complainant’s purse and threatened to kill
her if she did not give it to him.  When the complainant held on to her purse,
appellant fired the gun.  Although the complainant was not injured, she dropped
her purse.  Appellant took the purse, ran out the door to the apartment
balcony, jumped from this second-story balcony to the ground, and ran away.  The
complainant called 911.  An officer was dispatched, but it took several hours
for the officer to arrive because the complainant had initially given the wrong
address.

The complainant reported the incident to the officer
and described the vehicle appellant was driving.  The officer then drove around
the general area looking for appellant.  When the officer did not find
appellant, he parked across the street from the complainant’s apartment complex
to complete his report.  Meanwhile, appellant called the complainant and said
he was coming home, although he was still angry that she had tried to kill him
with snakes.  Appellant returned to the complainant’s apartment, but she
refused him entry.  She then called 911 again.  The dispatcher notified the
officer, who was still in his patrol vehicle across the street completing his
report.  The officer saw the car that the complainant had described exiting the
apartment complex.  He got out of his patrol car and ordered appellant to stop,
but appellant instead drove around him and sped away.  A high-speed chase
ensued, ending when appellant drove his car into a curb and was unable to
continue driving.  When he was apprehended, officers discovered a gun in his
pocket and a rock of crack cocaine in his car.

Appellant was indicted for aggravated robbery and
felon in possession of a firearm (the “firearm offense”).  These offenses were
tried together.  Witnesses testified to the above facts.  A jury convicted
appellant of both offenses.  Because appellant pleaded “true” to two enhancing
convictions, the range of punishment for each offense was twenty-five years to
ninety-nine years or life.  The jury sentenced appellant to twenty-five years’
confinement for the firearm offense and thirty-five years’ confinement for the
aggravated-robbery offense.  The trial court entered the judgments accordingly,
and these appeals timely followed.

ANALYSIS

A.        Standard of
Review

Appellant’s issues in both these cases concern
jury-charge error.  A claim of jury-charge error is governed by the procedures
set forth in Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985).  We must first determine whether the trial court erred in its submission
of the charge.  Barrios v. State, 283 S.W.3d 348, 350 (Tex. Crim. App.
2009).  If error exists and appellant properly objected at trial, reversal is
required if “some harm” resulted, i.e., if the error was “calculated to
injure the rights of the defendant.”  Id. (quoting Almanza, 686
S.W.2d at 171).  If appellant failed to object, error must be “fundamental,”
and reversal will result only if the error was so egregious and created such
harm that the defendant “has not had a fair and impartial trial.”  Id.
(quoting Almanza, 686 S.W.2d at 171).

B.        Charge
Error at Guilt-Innocence Phase

            In his
firearm-offense appeal,[2]
appellant asserts that the trial court erred by failing to include in the jury
charge (a) his requested instruction limiting the use of extraneous-offense
evidence to the issue of motive and (b) his requested instruction on the burden
of proof required regarding extraneous-offense evidence.  

An extraneous offense includes any act of misconduct,
whether resulting in prosecution or not, that is not shown in the charging
papers.  Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim. App. 1996) (en
banc).  Texas Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs or acts is not admissible
to prove the character of a person in order to show action in conformity
therewith. It may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident, provided that upon timely request by the accused in a
criminal case, reasonable notice is given in advance of trial of intent to
introduce in the State’s case-in-chief such evidence other than that arising in
the same transaction.

Tex. R. Evid. 404(b).  Generally,
a limiting instruction on testimony about an extraneous offense, as well as an
instruction on the burden of proof, should be given when the evidence is
admitted and again in the final jury charge if requested by the defendant.  Delgado
v. State, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).  

Here, appellant references two alleged extraneous
offenses to which he objected under Rule 404(b):  (1) the complainant’s
testimony regarding discovering appellant burning a white rock in the bathroom,
and (2) the arresting officer’s testimony regarding the discovery of a rock of
crack cocaine in appellant’s car at the end of the police chase.  When this
testimony was adduced, the trial court immediately instructed the jury that it
could consider these offenses only if it believed beyond a reasonable doubt
that appellant had committed them and then only for the limited purpose of
determining appellant’s motive in committing the indicted offenses.  On
appellant’s request, the trial court agreed to include this language in its
charge on guilt-innocence to the jury for both offenses.  However, the trial
court did not include this language in the firearm-offense jury charge, although
it did include the written instruction in the charge for the aggravated-robbery
offense.

Because the trial court did not include an
extraneous-offense limiting instruction, there is error in the court’s charge. 
See id.  Because appellant requested this instruction, we must examine
the record for “some harm” resulting from this error. [3]  See Barrios,
283 S.W.3d at 350.  

The record reflects that the complainant and two of
the officers present at appellant’s arrest each testified that appellant, a
convicted felon, possessed a firearm.  The complainant’s description of her
struggle with appellant and the firing of the weapon was supported by physical
evidence:  a bullet was discovered in the door frame of her apartment.  None of
this testimony was controverted.  In fact, appellant’s counsel admitted during
closing argument that the evidence was probably sufficient to support a
conviction for this offense.  Moreover, the trial court provided the requisite
oral instruction twice to the jury, and included it in the written charge in
the companion case.  See Gamboa v. State, 296 S.W.3d 574, 580 (Tex.
Crim. App. 2009) (stating that juries are generally presumed to have followed
court’s instructions).  Finally, the prosecutor did not emphasize these
extraneous offenses during closing argument.  Cf. Lindsay v. State, 102
S.W.3d 223, 229 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (concluding
that error in admission of evidence was harmless where State did not emphasize
the evidence during closing argument).

Under these circumstances, we are convinced that the
trial court’s failure to include an extraneous-offense limiting instruction in
appellant’s firearm-offense jury charge did not “injure the rights of the
defendant.”  See Barrios, 283 S.W.3d at 350.  We overrule his first and
second issues.

B.        Charge Error at Punishment
Phase

In his third issue in his firearm-offense appeal and
sole issue in his aggravated-robbery appeal,[4]
appellant asserts that the trial court erred by failing to provide a written
instruction to the jury regarding the extraneous offenses described above,
which were re-offered during punishment.  He further contends that, because the
prosecutor argued in closing that he evaded arrest, he was entitled to an
extraneous-offense instruction.

Section 3 of Texas Code of Criminal Procedure article
37.07 provides that, during the punishment phase of trial, 

evidence may be offered by the state and the defendant as
to any matter the court deems relevant to sentencing, including . . .
notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence
of an extraneous crime or bad act that is shown beyond a reasonable doubt by
the evidence to have been committed by the defendant or for which he could be
held criminally responsible, regardless of whether he has been previously
charged with or finally convicted of the crime or act.  

Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (West Supp. 2009).  Article 37.07 also requires that the
charge to the jury at punishment include any “additional written instructions
as may be necessary.”  Id. § 3(b).  Although section 3(a) of article
37.07 does not expressly require a jury instruction regarding evidence of
unadjudicated extraneous offenses admitted at the punishment phase of trial,
such an instruction is “logically required” to enable the jury to properly
consider such evidence under the article’s prescribed reasonable-doubt
standard.  Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  

Here, appellant’s trial counsel did not object to the
court’s punishment charge.  However, his counsel informed the court, after
closing argument, that appellant was entitled to a limiting instruction on
extraneous offenses because the prosecutor had mentioned these offenses during
her closing argument.  The trial court recalled the jury from deliberations and
orally instructed the jurors as follows:

You may consider evidence of an extraneous crime or bad act
in assessing punishment even if the defendant has not yet been charged with or
finally convicted of the crime or act, the evading arrest or the crack pipe
[sic].  However, you may consider such evidence only if the extraneous crime or
bad act has been shown by the State beyond a reasonable doubt to have been
committed by the defendant or is one for which the defendant could be held
criminally responsible.  The prosecution does not have to prove an extraneous
crime or bad act beyond all possible doubt.  The prosecution’s proof must
exclude all reasonable doubt concerning the extraneous crime or bad act. 
Therefore, if you find and believe beyond a reasonable doubt that the defendant
committed an extraneous crime or bad act, or could be held criminally
responsible for an extraneous crime or bad act, then you may consider such
evidence in assessing the defendant’s punishment.  However, if you have a reasonable
doubt that the defendant committed an extraneous crime or bad act or could be
held criminally responsible for an extraneous crime or bad act, then you may
not consider such evidence in assessing punishment.

This instruction was not
included in the written charge.

Section 3(a)(1)’s requirement that the jury be
satisfied of the defendant’s culpability in the extraneous offenses and bad
acts is the “law applicable to the case” in the non-capital punishment context.
 Id. at 483–84 (noting that “the law applicable to the case” requires sua
sponte submission); see Tex. Code Crim. Proc. Ann. art. 36.14 (West
2007) (requiring that the trial court deliver to the jury “a written charge
distinctly setting forth the law applicable to the case”).  The trial court’s
failure to include this instruction in its written charge was error.  See
Huizar, 12 S.W.3d at 483–85.  Because appellant failed to object to the
written charge,[5]
we examine the record to determine whether he suffered “egregious harm.”  See
Barrios, 283 S.W.3d at 350; Huizar, 12 S.W.3d at 484–85.

First, considering the firearm offense, appellant
received the minimum punishment available—twenty-five years’ confinement. 
Thus, the failure to include this instruction could not have negatively impacted
the jury’s sentence.  Cf. Boston v. State, 965 S.W.2d 546, 550 (Tex.
App.—Houston [14th Dist.] 1997, no pet.) (concluding that to find harmful error
based on jury charge during sentencing, “we must find beyond a reasonable doubt
that the error did not serve to increase the appellant’s punishment”). 
Accordingly, we overrule appellant’s third issue in his firearm-offense appeal.

Turning to the aggravated-robbery appeal, we note
first that appellant stipulated to nine prior felony convictions during
punishment.  The sentence appellant received was on the low end of the
statutory range—thirty-five years,[6]
especially considering that the firearm discharged during the struggle over the
complainant’s purse and could have easily injured her.  The evidence of these
extraneous offenses was also strong and uncontroverted.  Thus, even if the jury
had been given the written reasonable-doubt instruction, it likely would not
have disregarded these offenses.  Further, the prosecutor mentioned these extraneous
offenses only once during her closing;[7]
she did not emphasize them.  Finally, the trial court provided the instruction
orally to the jury, calling them out of deliberations to do so.  See Gamboa,
296 S.W.3d at 581.  

Considering all these factors, we conclude that
appellant received a fair trial and was not egregiously harmed by the charge
error.  See, e.g., Zarco v. State, 210 S.W.3d 816, 826–27 (Tex.
App.—Houston [14th Dist.] 2006, no pet.) (considering similar factors to
determine that the appellant was not egregiously harmed by failure to include
extraneous-offense instruction in punishment charge).  We thus overrule his
sole issue in his aggravated-robbery appeal.

Having overruled all of appellant’s issues in both
appeals, we affirm the trial court’s judgments.

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
After his attorney filed briefs for each of these appeals, appellant filed a
pro se brief.  Because an appellant has no right to hybrid representation, we
consider only the issues raised in the briefs filed by appellant’s counsel.  See
Scheanette v. State, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (en
banc) (declining to address points raised in pro se brief filed after counsel
had filed a brief on appellant’s behalf).





[2]
Trial court cause no. 1207435, court of appeals no. 14-10-00449-CR. 





[3]
Appellant did not object after reviewing the court’s written charges; instead,
he remained silent when the trial court asked him if he had any objections to
the charge.  Ordinarily, the failure to object would require us to determine
whether appellant suffered “egregious harm” from this error.  See Barrios,
283 S.W.3d at 350.  The State concedes, however, that because appellant
requested that a limiting instruction be included in the charge shortly before
this exchange, the trial court was on notice of appellant’s position.  See,
e.g., Ford v. State, 305 S.W.3d 530, 534 (Tex. Crim. App. 2009)
(defendant’s objection was sufficient where context showed trial court
understood nature of complaint); Smith v. State, 290 S.W.3d 368, 371 n.2
(Tex. App.—Houston [14th Dist.] 2009, pet. ref’d) (same).





[4]
Trial court cause no. 1207434, court of appeals no. 14-10-00448-CR.





[5]
See Tex. Code Crim. Proc. Ann. art. 36.14 (stating that before charge is
read to jury, defendant “shall have a reasonable time to examine [the court’s
charge] and he shall present his objections
thereto. . . .  The requirement that the objections to the
court’s charge be in writing will be complied with if the objections are
dictated to the court reporter in the presence of the court and the state’s
counsel, before the reading of the court’s charge to the jury.”
(emphasis added)).





[6]
The prosecutor maintained that a “starting point” for appellant’s sentence
should be sixty-two and one-half years.  





[7]
After discussing the lengthy criminal history to which appellant had stipulated
and suggesting the jury should add more time to his sentence for this history,
the prosecutor argued as follows:

What else do we know? He
evaded arrest from the police.  He went on a high speed chase.  That’s another
crime that he’s committed that could be added.  He was in possession of the
cocaine.  That’s another crime in addition to the felon in possession and
aggravated robbery that he went on in a huge, big criminal spree that night all
the way into the morning.  You just consider all that in his criminal history
as well.