**Michael Andrew BAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00017–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 18, 2003.

Decided July 1, 2003.

John Hagler, Dallas, for appellant.

Larissa T. Roeder, Assistant District Attorney, William (Bill) Hill Jr., Dallas County District Attorney, Dallas, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION

Opinion by Chief Justice MORRISS.

Michael Andrew Bain appeals from his conviction for the offense of aggravated robbery of an elderly person. He was convicted in a single, consolidated trial, based on his guilty plea (without a plea agreement), to three indictments for aggravated robbery of an elderly person, two indictments for robbery, and one indictment for theft. A jury assessed his punishment at eighty-five years' imprisonment in the aggravated robbery convictions, forty years' imprisonment for the robbery convictions, and two years' confinement in a state jail facility for the theft conviction.

Bain contends on appeal the trial court committed reversible error by admitting evidence about an unadjudicated extraneous offense of aggravated sexual assault and by admitting "victim impact evidence" about the sexual assault victim.

The complained-of testimony came from a nine-year-old girl, a daughter of Bain's girlfriend, that Bain had touched her "pee-pee" and had inserted his finger in it while they were watching television. A police detective also testified that he had been assigned to a case concerning this sexual assault, that it was still pending, and that Bain had signed a written statement admitting the act.

Article 37.07, Section 3(a) grants trial courts broad discretion to admit evidence of extraneous crimes or bad acts during the sentencing portion of a proceeding. The relevant language reads as follows:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being

tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp.2003).

Testimony that Bain had committed a sexual assault constitutes proof of a bad act or extraneous crime. This is precisely the type of evidence deemed relevant to the determination of sentencing by the Legislature.

■ The decision of the trial court to admit extraneous offenses is reviewed under the abuse of discretion standard. *Ellison v. State*, 86 S.W.3d 226, 227 (Tex.Crim. App.2002); *Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001). Bain contends the testimony should have been excluded pursuant to TEX.R. EVID. 403, which allows relevant evidence to be excluded (inter alia) if its probative value is substantially outweighed by the danger of unfair prejudice. The statute specifically excludes TEX.R. EVID. 404 and 405 from applying in this review, but does not exclude Rule 403. Thus, we conclude Rule 403 applies to our review of the admissibility of the evidence. *See Rogers v. State*, 991 S.W.2d 263, 266 (Tex.Crim.App.1999); *Cohn v. State*, 849 S.W.2d 817, 820 (Tex.Crim.App.1993) (applying Rule 403 to Article 37.071).

■ The test for relevancy is much broader during the punishment phase, because it allows a jury to consider more evidence in exercising its discretion to assess punishment within the appropriate range. *See Murphy v. State*, 777 S.W.2d 44, 63 (Tex.Crim.App.1988) (op. on reh'g).

The purpose of a punishment proceeding is not to prove guilt, but instead to allow a jury to assess punishment in line with the objectives of the Texas Penal Code. *Rogers*, 991 S.W.2d at 266; *see* TEX. PEN.CODE ANN. § 1.02(1) (Vernon 2003).

Bain was out of jail on bond for the sexual assault when he committed the multiple robbery and theft offenses for which he was on trial. Although the sexual assault was not the same type of crime of which he was convicted, we recognize that his acts against the elderly and the young reflect his tendency to victimize the weakest members of society. We conclude the trial court did not abuse its discretion by admitting the evidence.

■ Further, the evidence also reflects Bain's extensive history of drug abuse and his violent tendencies toward his girlfriend (and mother of the victim). Even if the court erred by admitting the evidence about the sexual assault, we are not convinced that, based on the entirety of the record, the evidence generated such an impact as to affect the substantial rights of the accused in this instance. *See* TEX. R.APP. P. 44.2(b). The contention of error is overruled.

■ Bain next contends it was error to admit evidence about the impact of the sexual assault on the child victim. The girl's grandmother testified the victim now had a lot of nightmares and a lot of anger, that her self-esteem is very low, and that she is not as outgoing as she had been. The grandmother also testified that after counseling the child was doing much better, is now "real outgoing," and has dramatically improved her schoolwork.

■ Generally, victim impact testimony regarding extraneous crimes is inadmissible. *See Cantu v. State*, 939 S.W.2d 627, 637 (Tex.Crim.App.1997). Victim impact testimony can run a risk of extreme

prejudice and can lead to an unfair punishment hearing. *See Boston v. State*, 965 S.W.2d 546, 550 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Trial courts limit victim impact testimony to the victim named in the indictment.[1] *See Barletta v. State*, 994 S.W.2d 708, 713 (Tex.App.-Texarkana 1999, pet. ref'd) (referring to *Cantu* analysis, but finding no preservation of claim); *Cantu*, 939 S.W.2d at 637–38 (admission of victim impact testimony was error, but harmless).[2]

▬▬▬ We find that the admission of this testimony was error. We therefore move to a harm analysis under Tex.R.App. P. 44.2, to see if the error was such as to affect the substantial rights of the accused. The inquiry is whether the defendant's substantial rights were violated and whether the appellant's punishment was affected by the judgment. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). "A substantial right is affected when the error [made the subject of the appellant's complaint] had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

The testimony consists of two pages out of a 286-page record, in which the grandmother testified about the victim's nightmares and low self-esteem, that she was angry because her parents would not let her go out to play as often, that she had received counseling that had helped with all of those issues, and that her schoolwork had suffered for a while, but that she is doing much better now.

The remainder of the sentencing proceeding contained explicit testimony from the elderly victims of his attacks, for which he was being sentenced, about the changes in their lives as a result of his actions. The evidence details the violence of his attacks and the resulting serious physical injuries, extreme emotional distress, and anguish. Bain admitted committing those attacks and also admitted beating his girlfriend, sexually assaulting her daughter, and using drugs extensively. The jury was also informed that he committed the attacks while out on bond from the sexual assault conviction and that he had previously been convicted of one felony and three misdemeanor offenses.

There are several factors that prevent this error from being a violation of Bain's substantial rights. We conclude the jury would likely assume, even without hearing testimony from her grandparent, the impact and trauma the sexual assault had on the victim. We have already referenced the multiple crimes committed by Bain and the testimony about their impact on those victims and their families, as well as Bain's

1. The Texas Court of Criminal Appeals has stated the following:

   The danger of unfair prejudice to a defendant inherent in the introduction of "victim impact" evidence with respect to a victim not named in the indictment on which he is being tried is unacceptably high. The admission of such evidence would open the door to admission of victim impact evidence arising from any extraneous offense committed by a defendant. Extraneous victim impact evidence, if anything, is more prejudicial than the non-extraneous victim impact evidence found by this Court to be inadmissible in *Smith* [*v. State*], supra [919 S.W.2d 96 (Tex.Crim.App.1996)]. We hold that such evidence is irrelevant under Tex. R.Crim. Evid. 401 and therefore irrelevant in the context of the special issues under Art. 37.071.

   *Cantu v. State*, 939 S.W.2d 627, 637 (Tex. Crim.App.1997); *Lindsay v. State*, 102 S.W.3d 223, 228 n. 1 (Tex.App.-Houston [14th Dist.], 2003, pet. filed).

2. This is not a victim impact statement as contemplated under Tex.Code Crim. Proc. Ann. art. 56.03 (Vernon Supp.2003) and was not offered as such.

own admissions about his actions. Although the State addressed the impact of the sexual attack on the girl, that aspect of the testimony was not emphasized in closing argument.

Under these circumstances, and after our review of the entire record, we conclude the erroneous admission of brief testimony about the impact of Bain's actions on the child was not of such a nature as to affect the jury's assessment of punishment. *See Lindsay v. State,* 102 S.W.3d 223, 229 (Tex.App.-Houston [14th Dist.], 2003, pet. filed); *Boston,* 965 S.W.2d at 550 (holding although admission of victim impact testimony was error, it was harmless in light of strong evidence against defendant).

We affirm the judgment.