IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00119-CR

 

Tracy LInn Holmes,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 249th District Court

Johnson County, Texas

Trial Court # F35587

 



MEMORANDUM 
Opinion



 

          The
trial court revoked Tracy Linn Holmes’s community supervision for engaging in
organized criminal activity in October 2003       and
sentenced him to five years’ imprisonment. 
Holmes filed a habeas application purportedly “under Article 11.072 of
the Code of Criminal Procedure” in December 2004.  Holmes appeals the trial court’s denial of
that application.  However, because
Holmes’s habeas application is in fact a post-conviction application, we will
dismiss the appeal.

          Article
11.072 “establishes the procedures for an application for a writ of habeas
corpus in a felony or misdemeanor case in which the applicant seeks relief from
an order or a judgment of conviction ordering community supervision.”  Tex.
Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005).  Here, despite the recitations in the habeas
application, Holmes seeks habeas relief from a final felony conviction.

          “Only
the Court of Criminal Appeals has jurisdiction to grant post-conviction relief
from an otherwise final felony conviction.” 
In re Stone, 26 S.W.3d 568,
569 (Tex. App.—Waco 2000, orig. proceeding) (per curiam) (citing Bd. of Pardons & Paroles ex rel. Keene v. Ct. of
Apps. for 8th Dist., 910 S.W.2d
481, 483 (Tex. Crim. App. 1995) (orig. proceeding)).  Article 11.07 establishes the procedures to
follow when seeking post-conviction habeas relief.  Id.

          The
Clerk of this Court notified Holmes that this appeal appears subject to
dismissal for want of jurisdiction because it is a post-conviction habeas
proceeding and that the appeal would be dismissed for want of
jurisdiction if a response showing grounds for continuing the appeal was not
filed within 10 days.  Holmes has not
filed a response.  

          Accordingly,
the appeal is dismissed.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed April 13, 2005

Do not publish

[CR25]








 






37.07, section 3(a)(1).  For these
reasons, the court abused its discretion by admitting the evidence regarding
the handgun.

            We must now determine whether this
error requires reversal.  The improper admission of evidence of an extraneous
offense is non-constitutional error.  Carter, 145 S.W.3d at 710; Peters,
93 S.W.3d at 354.  Thus, we ask whether this error affected Overton’s
substantial rights.  See Tex. R.
App. P. 44.2(b).  We “consider everything in the record, including any
testimony or physical evidence admitted for the jury’s consideration, the
nature of the evidence supporting the verdict, the character of the alleged
error and how it might be considered in connection with other evidence in the
case.”  Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); Shook
v. State, 172 S.W.3d 36, 41 (Tex. App.—Waco 2005, no pet.); accord
Geuder v. State, 142 S.W.3d 372, 376 (Tex. App.—Houston [14th Dist.] 2004,
pet. ref’d).  We may also consider the jury instructions, the State’s theory of
the case, any defensive theories, closing arguments, voir dire, and the extent
to which the State emphasized the erroneously admitted evidence.  See
Motilla, 78 S.W.3d at 355-56; Shook, 172 S.W.3d at 41; Geuder,
142 S.W.3d at 376.

            In this analysis, we decide whether “the
error had a substantial and injurious effect or influence in determining the
jury’s verdict.”  Haley v. State, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). 
If we have “’a grave doubt’ that the result [of the underlying proceeding] was
free from the substantial influence of the error, then [we] must treat the
error as if it [had a substantial influence on the outcome].”  Burnett v.
State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).

            Because Overton pleaded guilty before
the jury, the State no doubt abbreviated its presentation of evidence.  The
State did not refer to the handgun in its opening statement, focusing instead
on the quantity of cocaine seized, the negative impact of drugs in the
community, and Overton’s prior record.  The State’s punishment evidence had
four primary components: (1) Overton’s prior criminal history, including a
prior felony conviction for aggravated assault with a deadly weapon (for
allegedly shooting the complainant in the face)[4] and
prior misdemeanor convictions for riot, deadly conduct, evading arrest/detention,
and criminal trespass; (2) the fact that Overton was arrested with a greater
quantity of cocaine than anyone before in Navarro County (according to the
detective’s recollection); (3) the negative impact of drugs in the community;
and (4) the handgun found in the trunk.

            In closing argument, Overton’s counsel
commented that there was no evidence connecting Overton to the handgun and that
the jury should not just assume it was his because he was carrying drugs.  He
asked for a minimum sentence because this was Overton’s first drug-related
conviction.  The prosecutor emphasized Overton’s prior convictions, focusing in
particular on his conviction for shooting someone in the face, which, in the
prosecutor’s words, established him as “a dangerous guy.”  The prosecutor
encouraged the jury to consider the quantity of cocaine seized, the handgun
found in the trunk, and the negative impact of drugs in the community, and,
although he mentioned the handgun three times during his closing argument, he
placed the greatest emphasis on this being the largest cocaine arrest in county
history, Overton’s prior convictions (all from Navarro County), and the
negative impact of drugs in the community.

            Though the punishment of seventy-five
years’ imprisonment and a $10,000 fine is at the high end of the applicable
range, the jury had ample legitimate grounds for assessing this punishment, and
the prosecutor did not place excessive emphasis on the handgun evidence.  Thus,
having reviewed the record as a whole, we have fair assurance that the
erroneous admission of the handgun evidence did not have a substantial and
injurious effect or influence in determining the jury’s verdict at the
punishment phase.  See Garcia v. State, 126 S.W.3d 921, 927-28 (Tex. Crim. App. 2004); Bain v. State, 115 S.W.3d 47, 51-52 (Tex. App.—Texarkana 2003,
pet. ref’d); see also Peters, 93 S.W.3d at 354-55 (improper admission of
evidence regarding sawed-off shotgun did not affect verdict of guilt even
though prosecutor referred to this evidence in closing argument).  Accordingly,
we overrule Overton’s third issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment without issuing a separate opinion)

Affirmed

Opinion delivered and
filed February 13, 2008

Do not publish

[CRPM]

 

              









[1]
              Because of Overton’s guilty
plea, all the evidence was introduced during the punishment phase.





[2]
              However, Overton did not ask
the court to strike Turner’s initial response that drug dealers don’t want to
meet in Collin County “[b]ecause of the sentences they get.”





[3]
              The United States Supreme
Court was quoting its earlier decision in Enmund v. Florida.  See
Booth v. Maryland, 482 U.S. 496, 502, 107 S. Ct. 2529, 2533, 96 L. Ed. 2d 440
(1987) (quoting Enmund v. Florida, 458 U.S. 782, 801, 102 S. Ct. 3368, 3378, 73 L. Ed. 2d 1140 (1982)).





[4]
              The prosecutor characterized
the shooting in this manner in his questions but the witness being questioned
about the prior conviction observed that the documentation offered in evidence
does not indicate where the complainant was shot.